**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CHICAGO CORNER, LLC <br> AN ILLINOIS CORPORATION, <br><br> Plaintiff <br><br> vs. <br><br> HARD LENS MEDIA, INC. <br> AN ILLINOIS CORPORATION <br><br> Defendant | Case No. <br><br> **COMPLAINT FOR** <br><br> **1. COPYRIGHT INFRINGEMENT;** <br> **2. ACCOUNTING;** <br> **3. DECLARATORY RELIEF** <br><br> **DEMAND FOR JURY TRIAL** |

Now Comes the Plaintiff, Chicago Corner, LLC. ("Plaintiff") by and through its attorney John M. O'Toole of O'Toole Law Firm, LLC, for its Complaint against Defendant, Hard Lens Media, Inc., and states as follows:

**THE PARTIES**

1. Plaintiff Chicago Corner, LLC is a Limited Liability Corporation organized under the laws of Illinois with its principal place of business at 6430 N. Artesian Ave., Chicago Illinois. Plaintiff produces programming for the YouTube Channel Chicago Corner.

2. On information and belief, defendant Hard Lens Media, Inc., an Illinois Corporation, ("HLM"), is a corporation duly organized and existing under the laws of the State of Illinois, with its principal place of business at 2231 West Maypole Avenue, Unit 103, Chicago, Illinois. Plaintiff further alleges on information and belief, that defendant Hard Lens Media is owned by defendants Daniel Luepker and Kit Cabello.

**JURISDICTION AND VENUE**

3.   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. 1400. The Court has supplemental jurisdiction of Plaintiff's common law claims under 28 USC § 1367.

4.   Defendant Hard Lens Media, Inc. has committed acts of Copyright Infringement in the Northern District of Illinois. Accordingly, venue is proper here under 28 USC § 1391(b) and 1400(b).

**FIRST CLAIM FOR RELIEF**

**(Federal Copyright Infringement against all Defendants)**

5.   Plaintiff incorporates by reference all the allegations of paragraphs 1 through 4, inclusive of this complaint as though set forth herein in full.

6.   Plaintiff owns the following copyrighted material:

Chicago Corner: Chicago #M4M4ALL March for Medicare for All Highlights

Chicago Corner: 2023 Chicago Mayoral Race Petition Drop-Off Coverage

Chicago Corner: Happy Holidaze to Chicago from Mayor Lori Lightfoot!

Chicago Corner: Activists Rally Mayor for CHA Land, Ordinance Ends Subminimum Wage, Guest Joe Evans, Barbie & More

Originally produced and edited video programs for the YouTube Channel Chicago Corner.

7.   Likewise, Plaintiff has registered with the United States Copyright Office the following material:

The above-referenced "Chicago Corner: Chicago #M4M4ALL March for Medicare for All Highlights" registered with the Copyright Office on January 3, 2024, Registration Service Request #: 1-13349470950.

The above-referenced "Chicago Corner: 2023 Chicago Mayoral Race Petition Drop-Off Coverage" registered with the Copyright Office on January 3, 2024, Registration Service Request #: 1-13349470923.

The above-referenced "Chicago Corner: Happy Holidaze to Chicago from Mayor Lori Lightfoot!" registered with the Copyright Office on January 3, 2024, Registration Service Request #: 1-13349470848.

The above-referenced "Chicago Corner: Activists Rally Mayor for CHA Land, Ordinance Ends Subminimum Wage, Guest Joe Evans, Barbie & More" registered with the Copyright Office on January 3, 2024, Registration Service Request #: 1-13349328571.

8. Plaintiff has complied in all respects with *17 U.S.C.* 101 et seq., and secured the exclusive rights and privileges in and to the copyrights of the above-referenced works. Plaintiff has been and still is the sole proprietor of all rights, title, and interest in and to the copyrights in their respective works as referenced above.

9. Defendant Hard Lens Media, Inc, has used Plaintiff's copyrighted materials in video programs and livestreams which they have produced and broadcasted without the permission of Plaintiff in the following Hard Lens Media programs and livestreams:

"Highlights From M4All, Jamal Green, Jimmy Dore, Shoe0nhead" / July 27, 2021 (Plaintiff video "Chicago #M4M4ALL March for Medicare for All")

"Chicago Mayoral 2023 Race Petition Drop-Off, Interview With The Candidates" / November 26, 2022 (Plaintiff video "2023 Chicago Mayoral Race Petition Drop-Off Coverage")

"Speaker Vote/Jimmy Dore Was Right On #ForceTheVote, VHS Speculation, Congress & Insider Trading" / January 3, 2023 (Plaintiff video "Happy Holidaze to Chicago from Mayor Lori Lightfoot!")

"#ForceTheVote VS Critics, AOC, DNC, & McCarthy, Crypto Crash" / January 6, 2023 (Plaintiff video "Happy Holidaze to Chicago from Mayor Lori Lightfoot!")

"Jimmy Dore Discusses House GOP Speaker Vote & Critics of #ForceTheVote - Live With Hard Lens Media" / January 8, 2023 (Plaintiff video "Happy Holidaze to Chicago from Mayor Lori Lightfoot!")

"East Palestine America's Chernobyl, MARS ATTACKS, 2024 Will Be A Disaster" / February 13, 2023 (Plaintiff video "Happy Holidaze to Chicago from Mayor Lori Lightfoot!")

"Ana Kasparian & Ben Shapiro, Biden State Of The Union, Bernie & Railroad Workers, Failure For 2024" / February 27, 2023 (Plaintiff video "Happy Holidaze to Chicago from Mayor Lori Lightfoot!")

"Mayor Lightfoot Loses Chicago Election, Buttiegieg Falls, SCOTUS & Student Debt" / March 1, 2023 (Plaintiff video "Happy Holidaze to Chicago from Mayor Lori Lightfoot!")

"Exposed - Chicago Corner and Jerry Vasilatos" / December 23, 2023 (Plaintiff video "Activists Rally Mayor for CHA Land, Ordinance Ends Subminimum Wage, Guest Joe Evans, Barbie & More")

10. Plaintiff has demanded that Defendant remove videos featuring Plaintiff's copyrighted content without their consent through the YouTube DCMA filing process. Defendants have refused to cease their infringing activities regarding all videos registered by the Plaintiff. (EXHIBIT A.)

11. Defendant's conduct has been in willful violation of Plaintiffs' repeated warnings to Defendants that Plaintiff does not want their copyrighted material, included in defendant's programs without their consent, and that Defendants' conduct is unauthorized. The specific acts of infringement described above are simply representative of a broader pattern of infringement in which Defendants

have engaged in unauthorized use of the content of Plaintiffs copyrighted material since January 2023.

12. Defendant's conduct violates the exclusive rights belonging to Plaintiff as the owner of the copyrights in the respective video programs, including without limitation Plaintiffs' rights under *17 U.S.C.* 106.

13. On information and belief, Plaintiff alleges that, as a direct and proximate result of their wrongful conduct, Defendants have realized and continue to realize profits and other benefits rightfully belonging to Plaintiff. Accordingly, Plaintiff seeks an award of damages pursuant to *17 U.S.C.* 504 and 505.

14. Defendant's infringing conduct has also caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

15. On information and belief, Defendants have willfully engaged in, and are willfully engaging in, the acts complained of with oppression, fraud, and malice, and in conscious disregard of the rights of Plaintiff. Plaintiff is therefore, entitled to the maximum statutory damages allowable.

16. As a consequence of this dispute between the parties as to the rights, title, and interest in the copyrighted material described above, and pursuant to the Federal Declaratory Judgment Act, *28 U.S.C.* 2201 and 2202, Plaintiff also seeks a resolution of this ongoing controversy by a declaration of this Court as to the rights of the respective parties in this matter.

**SECOND CLAIM FOR RELIEF**

**(Accounting against Defendant Hard Lens Media, Inc.)**

17. Plaintiff incorporates by reference all the allegations of paragraphs 1 through 16, inclusive of this complaint as though set forth herein in full.

18. As a result of the aforementioned allegations, defendants Daniel Luepker and Kit Cabello have received money, a portion of which is due to plaintiff from defendants Daniel Luepker and Kit Cabello.

19. The amount of money due from defendants Daniel Luepker and Kit Cabello to Plaintiff is unknown to plaintiff and cannot be ascertained without an accounting of the receipts and disbursements of the aforementioned transactions.

20. Plaintiff demands an accounting of the aforementioned transactions from defendants Daniel Luepker and Kit Cabello and payment of the amount found.

### THIRD CLAIM FOR RELIEF

**(Declaratory Relief against Defendant Hard Lens Media)**

21. Plaintiff incorporates by reference all the allegations of paragraphs 1 through 20, inclusive of this complaint as though set forth herein in full.

22. A dispute exists between Plaintiff and Defendant HLM as to the rights, title, and interest in the copyright material described in paragraph 7 of this complaint.

23. As a consequence of this dispute between the parties as to the rights, title, and interest in the copyright material described above, and pursuant to the Federal Declaratory Judgment Act, *28 U.S.C.* 2201 and 2202, Plaintiff also seek a resolution of this ongoing controversy by a declaration of this Court as to the rights of the respective parties in this matter.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

**FIRST CLAIM FOR RELIEF:**

A.  Declaring that Defendants' unauthorized conduct violates Plaintiff' rights under common law and the Federal Copyright Act;

B.  Immediately and permanently enjoining Defendants, their officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from copying and republishing any of Plaintiff' copyrighted video programs without consent or otherwise infringing Plaintiff' copyrights or other rights in any manner and removing Plaintiff's copyrighted video programs from Defendant's Channel.

C.  Ordering Defendants to account to Plaintiff for all gains, profits, and advantages derived by Defendants by their infringement of Plaintiff's copyrights or such damages as are proper, and since Defendants intentionally infringed Plaintiff's copyrights, for the maximum allowable statutory damages for each violation;

D.  Awarding Plaintiff actual and/or statutory damages for Defendants' copyright infringement in an amount to be determined at trial;

E.  Awarding Plaintiff its costs, reasonable attorneys' fees, and disbursements in this action, pursuant to *17 U.S.C.* 505; and

F.  Awarding Plaintiff such other and further relief as is just and proper.

**SECOND CLAIM FOR RELIEF:**

G.  For an accounting between plaintiff and Hard Lens Media, Inc.;

H. For the amount found to be due from defendants to plaintiff as a result of the accounting and interest on that amount from and after 2023;

I. For costs of suit herein incurred;

J. Awarding Plaintiff such other and further relief as is just and proper.

**THIRD CLAIM FOR RELIEF:**

K. For a declaration by this Court as to the rights of the respective parties regarding the ownership and rights, title, and interest in the copyright material described in paragraph 22 of this complaint;

L. For costs of suit herein incurred;

M. Awarding Plaintiff such other and further relief as is just and proper.

Dated: January 10, 2024     Respectfully Submitted By,     */s/ John M. O'Toole*
                                                              Attorney for Plaintiff

John M. O'Toole
Attorney No:
Firm:      O'Toole Law Firm, LLC
Address:   150 S. Wacker Drive, Suite 2400, Chicago, IL. 60606
Phone:     (312) 560-8981
FAX:       (312)546-5123
E-Mail:    john@otoolelaw.net

**<u>VERIFICATION</u>**

Under the penalties provided by law pursuant to Section 1-109 of the Code of Civil Procedure, 735 ILCS 5/1-109, the undersigned, Jerry Vasilatos, certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief, and as to such matters, the undersigned certifies as aforesaid that he verily believes the same to be true.

                    <u>/s/ Jerry Vasilatos</u>
                    Plaintiff