**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| CHICAGO CORNER, LLC, )<br> Plaintiff, )<br> v. )<br>HARD LENS MEDIA, INC., )<br> Defendant. )<br>HARD LENS MEDIA, INC., )<br> Counter-Claimant, )<br> v. )<br>CHICAGO CORNER, LLC, )<br> Counter-Defendant, )<br>And )<br> )<br>Jerry Vasilatos, individual, )<br> Third-Party Defendant )| No: 24-cv-00246<br><br>Judge Rowland |

**AMENDED COUNTERCLAIM and THIRD-PARTY CLAIM**

**NOW COMES** the Counter-Claimant, Hard Lens Media, Inc. ("HLM"), by and through its attorneys, and for its Counterclaim against Counter-Defendants, Chicago Corner, LLC (hereinafter "Chicago Corner" and/or "CC") and Third-Party Defendant, Jerry Vasilatos ("Vasilatos"), states as follows:

**THE PARTIES**

1. Plaintiff Hard Lens Media, Inc., an Illinois Corporation, with its principal place of business in Chicago, IL. HLM is a social media news organization that reports on local news in the Chicagoland area via its YouTube and other online platforms.

2. Defendant, Chicago Corner, LLC is an Illinois Limited Liability Corporation with its principal place of business in Chicago, Illinois. Plaintiff produces programming for the YouTube Channel Chicago Corner.

3. Third-Party Defendant, Jerry Vasilatos, is, upon information and belief, a resident of Cook County, Illinois. Vasilatos is one of the current owners of Chicago Corner LLC. Vasilatos has filed copyright claims both in the name of Chicago Corner and himself individually.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. 1400. The Court has supplemental jurisdiction of Plaintiff's common law claims under 28 USC § 1367.

5. Venue is proper here as both parties conduct business in this district.

## FACTS COMMON TO ALL COUNTS

6. In 2019, Hard Lens Media, Inc. created Chicago Corner as another avenue of news dissemination. HLM's owners, Kit Cabello and Daniel Luepker, owned and operated both outlets concurrently and frequently cross-promoted the outlets.

7. In 2021, Jerry Vasilatos ("Vasilatos") along with others performed services for HLM.

8. HML and CC created many videos and online content related to local politics in Chicago including all of the videos alleged in CC's Complaint. Indeed, several of the videos even list HLM and/or its owners Cabello and Leupker in the title of the videos.

9. In April 2023, Vasilatos and others purchased Chicago Corner from HLM. This purchase was done via oral contract and no written agreement was ever executed by the parties.

10. HLM did not assign or transfer any of the Intellectual Property owned by it or created while it owned CC to the new owners.

11. In December 2023, CC filed complaints with YouTube about copyright infringement and had HLM's YouTube channel temporarily shut down. This shutdown harmed HLM's subscriptions, viewership, and reputation.

12. After months of communications and submitting information to YouTube, YouTube restored HLM's channel. HLM had to rebuild its channel from the beginning as it had been virtually destroyed by the allegations and cancellation.

13. CC and Vasilatos have filed claims against HLM in multiple forums. To date, the only actions still active at this case and an Illinois Department of Labor claim by Vasilatos wherein he asserts that he was employed by HLM during the period of time the videos at issue were produced.

**Count I**
**Declaratory Judgment**
**Counter-Defendant Chicago Corner**

14. Counter-Plaintiff restates and incorporates herein by reference Paragraphs 1 through 12 as though fully set forth herein.

15. As stated herein, HLM owned CC until April 2023 and owned all of the content created by or with CC including all of the videos alleged in the Complaint.

16. Vasilatos has admitted being an employee of HLM during the time the videos at issue were produced, making the videos work for hire.

17. HLM sold CC to Vasilatos and others in April 2023.

18. HLM did not assign or transfer ownership via any document for the videos alleged in the complaint. HLM never intended to assign or transfer ownership for the videos alleged in the complaint.

19. There is an actual controversy between the parties as the ownership of the videos Plaintiff has obtained copyright registrations for in the Complaint.

20. Both parties claim an ownership in the videos.

21. As such, a declaratory judgment is appropriate and should be entered in favor of HLM as they have always been the owner of the content.

**WHEREFORE,** Hard Lens media respectfully requests that this Honorable Court:

a. Enter a declaratory judgment in favor of Hard Lens Media and declare that Hard Lens media is the rightful owner of the videos and content;

b. Award Hard Lens Media the costs of suit, attorneys' fees and expenses to the extent allowed by law;

<u>**Count II**</u>
<u>**Tortious Interference with Business**</u>
<u>**Chicago Corner, LLC and Jerry Vasilatos**</u>

22. Counter-Plaintiff restates and incorporates herein by reference Paragraphs 1 through 12 as though fully set forth herein.

23. CC and Vasilatos were well aware of HLM's online platform, its business methods, and its relationship with YouTube and viewers.

24. CC's and Vasilatos' complaints and allegations of infringement as well as their demand for YouTube to remove the videos and cancel the channel was done with the intent of interfering with HLM's business.

25. CC and Vasilatos filed complaints with the Copyright Board in an attempt to take control of the videos that HLM relies on to post on their online platforms. The Copyright Board has dismissed the claims.

26. CC and Vasilatos also filed complaints against HLM with other online platforms including Rokfin, Rumble, and Odysee in attempt to have the platforms cancel HLM channels.

27. CC's actions are without justification and have no basis in law or fact.

28. Vasilatos' actions are without justification and have no basis in law or fact.

29. HLM has been, and is continuing to be, harmed by CC's actions.

30. HLM has been, and is continuing to be, harmed by Vasilatos' actions.

**WHEREFORE,** Hard Lens media respectfully requests that this Honorable Court:

c. Enter a judgment in favor of Hard Lens Media and award damages in the amount of harm suffered by Hard Lens Media;

d. Award Hard Lens Media the costs of suit, attorneys' fees and expenses to the extent allowed by law;

e. For any other relief this Court deems just and reasonable.

Dated this October 29, 2024

Respectfully Submitted,

/s/Carla E. Carter
Attorney for Hard Lens Media Inc.
Carla E. Carter
Michael S. Davis
Davis & Carter LLC
53 W Jackson Blvd, Ste 1560
Chicago, IL 60604
(312) 600-5485

**CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2024, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, and all noticed counsel and parties will receive notice via the CM/EFC system.

/s/ Carla E. Buterman-Carter
Attorney for Defendant