IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HARD LENS MEDIA, INC., <br><br> Defendant and Counter-Plaintiff, <br><br> v. <br><br> CHICAGO CORNER, LLC, <br><br> Plaintiff and Counter-Defendant, <br><br> and <br><br> JERRY VASILATOS, <br> Third-Party Defendant. | Case No. 24-cv-00246 <br><br> Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Plaintiff Chicago Corner, LLC ("Chicago Corner"), sued Defendant Hard Lens Media, Inc. ("Hard Lens"), bringing claims for copyright infringement, accounting, and declaratory relief. [17]. Hard Lens later brought an amended counterclaim against Chicago Corner and a third-party complaint against Third-Party Defendant Jerry Vasilatos. [26]. In its counterclaim, Hard Lens seeks declaratory judgment finding it is the owner of the intellectual property in dispute and alleges tortious interference with business on the part of Chicago Corner and Vasilatos. [26] ¶¶ 21, 24. Before the Court now is Chicago Corner and Vasilatos's motion to dismiss the counterclaim. [27]. For the reasons stated herein, the motion to dismiss is granted.

I. **Background**

The following factual allegations taken from the operative complaint [26] are accepted as true for the purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021).

Hard Lens, a social media organization owned by Kit Cabello and Daniel Luepker, created Chicago Corner as part of its local news reporting operation. [26] ¶ 6. While Vasilatos was employed by Hard Lens, Hard Lens and Chicago Corner created the videos and content at issue in the complaint and counterclaim. [26] ¶ 7-8. In April 2023, Vasilatos "and others" purchased Chicago Corner from Hard Lens via an oral contract without any written agreement. [26] ¶ 8. Chicago Corner has obtained copyright registrations for the videos at issue, but Hard Lens alleges that it did not assign or transfer ownership of any property as part of the sale and therefore Hard Lens remains the proper owner of the content. [26] ¶¶ 18-20.

In December 2023, Chicago Corner filed copyright infringement complaints against Hard Lens with YouTube, leading to a months-long shutdown of Hard Lens's YouTube channel. [26] ¶¶ 11-12. Chicago Corner and Vasilatos have filed similar complaints with other streaming platforms including Rokfin, Rumble, and Odysee. [26] ¶ 26. Chicago Corner filed its initial complaint against Hard Lens on January 10, 2024 [1], which the Court dismissed on August 14, 2024 with leave to amend. [14]. Chicago Corner filed an amended complaint on September 11, 2024. [17]. Hard Lens filed its answer [19] and a counterclaim [20] on October 2, 2024, and filed an amended counterclaim on October 31, 2024, joining Vasilatos as Third-Party Defendant. [26]. Hard Lens's counterclaim has two counts. In Count I, Hard Lens seeks a declaratory

2

judgment that it retains ownership of the intellectual property that is the subject of Chicago Corner's complaint in this action. [26] ¶ 21. In Count II, Hard Lens alleges that Chicago Corner and Vasilatos tortiously interfered with Hard Lens's business by filing baseless copyright complaints. [26] ¶ 24.

## II. Standard

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax*, 20 F.4th at 1181. However, the court need not accept as true "statements of law or unsupported conclusory factual allegations." *Id.* (quoting *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021)). "While detailed factual allegations are not necessary to survive a motion to dismiss, [the standard] does require 'more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate.'" *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

### III. Analysis[1]

### A. Count I--Declaratory Judgment

The Declaratory Judgment Act, 28 U.S.C. § 2201, grants federal courts the discretion to "declare the rights and other legal relations of any interested party seeking such declaration" for "a case of actual controversy within its jurisdiction." *See* § 2201(a). "An actual controversy exists when 'the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Cohn v. Guaranteed Rate, Inc.*, 130 F. Supp. 3d 1198, 1205 (N.D. Ill. 2015) (quoting *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 627 (7th Cir. 1995)). "Declaratory judgment is appropriate in situations where:

---

[1] The Court notes that Chicago Corner and Vasilatos attached numerous exhibits to their motion to dismiss and cite to those documents in their briefs. "In connection with a motion to dismiss, the Court 'may consider documents that are (1) referenced in the plaintiff's complaint, (2) concededly authentic, and (3) central to the plaintiff's claim.'" *Boyle v. L-3 Commc'ns Corp.*, 2024 WL 4346523 at *6 (N.D. Ill. Sept. 30, 2024) (quoting *Fin. Fiduciaries, LLC v. Gannett Co.*, 46 F.4th 654, 663 (7th Cir. 2022)). In this instance, because the motion to dismiss addresses a counterclaim rather than the plaintiff's complaint, the Court looks to the amended counterclaim and third-party claim filed by Hard Lens. [26]. None of the exhibits attached are referenced or cited in Hard Lens's counterclaim, and many lack authentication. Therefore, the Court declines to consider the attached exhibits in assessing the motion to dismiss.

4

'(1) [t]he controversy has ripened to a point where one of the parties could invoke a coercive remedy (i.e. a suit for damages or an injunction) but has not done so; and (2)[a]lthough the controversy is real and immediate, it has not ripened to such a point, and it would be unfair or inefficient to require the parties to wait for a decision.'" *AVKO Educ. Rsch. Found., Inc. v. Wave 3 Learning, Inc.*, 2015 WL 6123547 at *7 (N.D. Ill. Oct. 15, 2015) (quoting *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749 (7th Cir. 1987)).

Here, Hard Lens seeks a declaratory judgment of ownership of the content at issue in Chicago Corner's copyright infringement claim. [26] ¶ 21. This counterclaim "seek[s] to generate an independent piece of litigation out of issues that are already before the court" by "simply seek[ing] the opposite of the complaint." *Intercon Sols., Inc. v. Basel Action Network*, 969 F. Supp. 2d 1026, 1065 (N.D. Ill. 2013). Courts in this district routinely dismiss counterclaims under such circumstances. *See, e.g.*, *Tri City Foods, Inc. v. Com. & Indus. Ins. Co.*, 2024 WL 5439176 at *1 (N.D. Ill. Nov. 19, 2024) (striking the defendant's counterclaim for declaratory judgment because it "serves no useful purpose" as "[t]he issues raised by the counterclaim are already before the Court by virtue of [the plaintiff's] complaint"); *Intercon Sols., Inc.*, 969 F. Supp. 2d at 1067 (dismissing defendant's counterclaim for declaratory judgment as "redundant in light of the issues already before this Court"); *Lincoln Nat. Corp. v. Steadfast Ins. Co.*, 2006 WL 1660591 at *4 (N.D. Ill. June 9, 2006) (striking defendant's counterclaim for declaratory judgment "as it pursues issues already being litigated in [the plaintiff's] Complaint and [the defendant's] Answer and Affirmative

Defenses"). Because "the controversy has ripened to a point where Plaintiff has invoked coercive remedies and filed suit," *AVKO Educ. Rsch. Found., Inc.*, 2015 WL 6123547 at *7, and Chicago Corner's complaint addresses the disputed issue central to Hard Lens's counterclaim for declaratory judgment, Count I is dismissed with prejudice pursuant to Rule 12(b)(6).

### C. Count II—Tortious Inference with Business Relations[2]

To state a claim for tortious interference with business relations under Illinois law,[3] a claimant must allege the following: "(1) that [claimant] had a business relationship or a reasonable expectation of entering into a valid business relationship; (2) that [opposing party] had knowledge of that relationship or expectancy; (3) that [opposing party] intentionally interfered, inducing or causing a breach or termination of the relationship or expectancy; and (4) that [claimant] suffered damages as a result." *Becker Logistics, LLC v. Marks*, 2024 WL 4953822 at *2 (N.D. Ill. Dec. 3, 2024) (quoting *Timken Gears & Servs., Inc. v. Brad Foote Gear Works, Inc.*, 2024 WL

---

[2] Hard Lens's counterclaim lists its claim as "tortious interference with business" [26], which is not a term used in Illinois law. Illinois recognizes a tort referred to as interference with business relations. *See Becker Logistics, LLC v. Marks*, 2024 WL 4953822 at *2 (N.D. Ill. Dec. 3, 2024). Illinois law regarding interference torts is "somewhat murky," with courts recognizing different labels as either related or identical in varying circumstances. *Int'l Star Registry of Ill. v. ABC Radio Network, Inc.*, 451 F. Supp. 2d 982, 991 (N.D. Ill. 2006). Although some courts in this district describe torts of interference with business relations and interference with prospective economic advantage as "separate, though obviously related," *id.*, Illinois courts do not make this distinction with consistency. *See, e.g., U.S. Nursing Corp. v. Leopoldstadt, Inc.*, 1994 WL 702356 at *2 (N.D. Ill. Dec. 14, 1994) ("Tortious interference with business relations is a tort recognized in Illinois under various names, including "tortious interference with prospective business advantage" and "tortious interference with prospective economic advantage."). However, whether Count II is properly considered as a claim for tortious interference with business relations or with economic advantage is ultimately immaterial here because any alleged interference was privileged, as discussed *infra*.

[3] The Court notes that neither party cited any Illinois law relevant to a tortious interference claim. Chicago Corner and Vasilatos cited cases interpreting Nebraska, Wisconsin, and Iowa law, and Hard Lens cites no law regarding tortious interference at all. Because all the parties in this case are location in Illinois, Illinois law applies.

6

3201274 at *2 (N.D. Ill. June 27, 2024)). Hard Lens alleges that its YouTube channel[4] was shut down due to copyright complaints filed by Chicago Corner, "harm[ing] [Hard Lens's] subscriptions, viewership, and reputation." [26] ¶ 11.

Hard Lens has failed to satisfy the third element of a tortious interference claim and dismissal is thus appropriate. "It is insufficient for a plaintiff to show that the defendant merely succeeded by ending the business relationship or interfering with the expectancy; rather, 'purposeful interference'—a showing that the defendant has committed some impropriety—is needed." *Grako v. Bill Walsh Chevrolet-Cadillac, Inc.*, 229 N.E.3d 869, 877 (Ill. App. Ct. 2023) (quoting *Dowd & Dowd, Ltd. v. Gleason*, 693 N.E.2d 358, 371 (Ill. 1998)). "Under Illinois law, commercial competitors are privileged to interfere with one another's prospective business relationships provided their intent is, at least in part, to further their businesses and is not solely motivated by spite or ill will." *Imperial Apparel, Ltd. v. Cosmo's Designer Direct, Inc.*, 882 N.E.2d 1101, 1019 (Ill. 2008). This conditional privilege is recognized to exist under circumstances "where the defendant was acting to protect an interest which the law deems to be of equal or greater value than the plaintiff's contractual rights." *Nation v. Am. Cap., Ltd.*, 682 F.3d 648, 651 (7th Cir. 2012) (quoting *HPI Health Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672, 677 (Ill. 1989)). When the defendant's conduct in an interference action is privileged, "it is the plaintiff's burden to plead and prove that the defendant's conduct was unjustified or malicious." *HPI Health*

---

[4] Although Hard Lens alleges other instances of interference, including reports to the Copyright Board and "other online platforms," it alleges no facts to demonstrate any damages to business relationships resulting from those complaints. [26] ¶ 25-26.

7

*Servs.*, 545 N.E.2d at 677.[5] "The term 'malicious,' in the context of interference with contractual relations cases, simply means that the interference must have been intentional and without justification." *Id*.

Here, Hard Lens concedes that Chicago Corner has obtained copyright registrations for the videos at issue in both Chicago Corner's complaint and Hard Lens's counterclaim. [26] ¶ 19. The instances of interference are therefore a "socially sanctioned form" of privileged interference. *Miller v. Lockport Realty Grp., Inc.*, 878 N.E.2d 171, 176 (Ill. App. Ct. 2007); *Sunny Factory, LLC v. Chen*, 2022 WL 742429 at *4 (N.D. Ill. Mar. 11, 2022) ("Copyright holders have an obligation to police the field where their marks may be used and to give notice to potential infringers in order to preserve their rights."); *Zhao v. BABIQIU*, No. 23 C 4507, 2025 WL 36213, at *7 (N.D. Ill. Jan. 6, 2025) (noting that "malicious intent [is] required to overcome" a copyright holder's privilege to protect their intellectual property); *BaliJewel, Inc. v. John Hardy Ltd.*, No. 07 CV 3819, 2008 WL 4425886, at *4 (N.D. Ill. Sept. 24, 2008) ("[G]ood faith belief in [] copyright interest is sufficient to establish privilege."). The alleged interference was thus privileged and Count II is dismissed.

---

[5] Although *HPI Health Servs.* involved a claim of tortious interference with contractual relations, the Illinois Supreme Court subsequently extended the plaintiff's burden of proof to claims of tortious interference with prospective economic advantage. *See Fellhauer v. City of Geneva*, 568 N.E.2d 870, 878 (Ill. 1991). Some Illinois appellate courts have recognized an exception to the requirement for the claimant to plead facts establishing that the offending party's conduct was inconsistent with its privilege, holding that "if the complaint may not fairly be said to introduce the existence of a recognized statutory or common law privilege," the burden shifts to the defendant to prove the existence of privilege as an affirmative defense. *See, e.g., Roy v. Coyne*, 630 N.E.2d 1024, 1033 (Ill. App. Ct. 1994). This Court has followed the Illinois Supreme Court in recognizing the absence of privilege as "an essential component of the 'unjustified' element of a tortious interference claim." *Argento SC by Sicura, Inc. v Turtle Wax, Inc.*, 2022 WL 2316254 at *2 (N.D. Ill. June 28, 2022). In the instant case, this distinction is irrelevant because a complaint centered around copyright enforcement clearly introduces the privileged conduct inherent in copyright protection.

## IV.  Conclusion

For the stated reasons, Plaintiff and Third-Party Defendant's Motion to Dismiss [27] is granted.

E N T E R:

Dated: June 27, 2025

MARY M. ROWLAND
United States District Judge